IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAMHAWK, LLC, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-1729-K |
| | § | |
| CARROLLTON GATEWAY | § | |
| DEVELOPMENT PARTNERS, LLC, | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Appellant Namhawk, LLC ("Appellant") appeals from an order of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division granting Appellee Carrollton Gateway Development Partners, LLC's motion to dismiss Appellant's amended complaint filed in this adversary proceeding. The Court has carefully reviewed the parties' briefing, the appellate record, and the applicable law. The Court finds that Appellant waived certain appellate issues and, therefore, the Court does not address them herein. As for the remaining issues, the Court concludes that Appellant failed to state a plausible claim for relief and the bankruptcy court properly granted Appellee's motion to dismiss. Accordingly, the Court **AFFIRMS** the Bankruptcy Court's order dismissing Appellant's amended complaint.

## I. Factual and Procedural Background

In reciting the relevant factual background, the Court has "accept[ed] all well-pleaded facts as true and view[ed] those facts in the light most favorable to" Appellant. *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam). Appellant owned two tracts of real property located in Carrollton, Texas (the "Property") that Appellant had been unable to develop for numerous reasons. Doc. No. 4-3 at 000291–000292. According to Appellant, it entered into negotiations with Appellee for a Purchase and Sale Agreement (the "PSA") for the Property, by which Appellee would act as attorney-in-fact for Appellant and would "take over the development and operations of the Property" from Appellant. *Id.* at 000292. Although the PSA was reduced to writing, Appellant alleged the PSA was never executed by all the parties and, so, it was not a valid contract. *Id.* (Appellant attached the unexecuted version of the PSA to the Amended Complaint as an exhibit.) But Appellant claimed it did have oral agreements with Appellee pursuant to which Appellee agreed (1) to raise $3,000,000 or find a buyer for the Property to buy out the membership interests of Appellant's members and (2) to service the loan payments owed on the Property. *Id.* at 000293–000294.

According to Appellant, Appellee was unable to perform under the oral contract and it then threatened to sue Appellant. *Id.* at 000294. As a result, Appellant and Appellee entered into a Settlement Agreement, although Appellant alleges it is void. *Id.* (Appellant attached the Settlement Agreement to the Amended Complaint as an exhibit.) Appellant alleged that Appellee was "looking for a serious windfall" and so it

took actions to "trigger a foreclosure" of the Property so it could obtain the highly valuable Property "as a judgment creditor or with a deed of trust." *Id.* at 000295–000296.

On December 15, 2024, Appellant filed an adversary proceeding against Appellee in the bankruptcy court where Appellee was a bankruptcy debtor. *See* Doc. No. 4-2 at 00012–00013. After an initial motion to dismiss the original Complaint, Appellant filed its First Amended Complaint (the "Amended Complaint"). Appellant asserted the following claims under Texas law against Appellee: (1) tortious interference of existing contract; (2) civil conspiracy; (3) wrongful foreclosure; (4) trespass to try title and suit to quiet title; (5) fraud and, in the alternative, fraudulent inducement and statutory fraud as to the PSA; (6) fraud and, in the alternative, fraudulent inducement and statutory fraud as to the Settlement Agreement; (7) breach of oral contract; (8) declaratory judgment; (9) breach of contract as to the PSA and Settlement Agreement (alternative relief); and (10) breach of fiduciary duty (alternative relief). *See* Doc. No. 4-3 at 000289–000306. Thereafter, Appellee filed a motion to dismiss the Amended Complaint (Doc. No. 4-3 at 000351–000377) to which Appellant filed a response in opposition (Doc. No. 4-3 at 000380–000384).

The bankruptcy court conducted a hearing on the motion to dismiss. *See generally* Doc. No. 4-4 at 000625–000661 (transcript). Counsel for Appellee appeared at the hearing, but Appellant's counsel failed to appear. *See* Doc. No. 4-4 at 000627–000632. The bankruptcy court heard oral argument from Appellee's counsel on its

motion to dismiss and ruled on the motion at the conclusion of the hearing. The bankruptcy court found that the Amended Complaint failed to state any plausible claims for relief on several grounds, including failure to satisfy the required pleading standard, failure as a matter of law, and contractual release. Doc. No. 4-4 at 000654–000655; *see also id.* (bankruptcy court remarking on Appellant's "failure to prosecute" its claims). Noting that Appellant's counsel was not present to urge a request to amend and that amendment had previously been allowed, the bankruptcy court determined that Appellee's motion to dismiss should be granted and the Amended Complaint was dismissed in its entirety. *Id.* at 000654, 000659. The bankruptcy court entered its Order Granting [Appellee's] Motion to Dismiss [Appellant's] First Amended Complaint on June 18, 2025. Doc. No. 1-1 at 4–5.

Appellant filed its Notice of Appeal (Doc. No. 1-1) and elected to have the appeal heard by this Court. *Id.* at 2. Appellant filed its Opening Brief (Doc. No. 7) and Appellee filed its Response Brief (Doc. No. 13). (The Court notes that Appellee also filed an Appendix in Support (Doc. No. 14) but this document is nothing more than a 2-page filing identifying two documents purportedly included but that are in fact missing.) Appellant did not file a reply brief in support of its Opening Brief.

## II. Applicable Legal Standards

In an appeal from a bankruptcy court, the district court applies the same standard of review used by federal appellate courts. *See Stern v. Marshall*, 564 U.S. 462, 475 (2011).

**A. Motion to Dismiss**

A bankruptcy court's order granting a motion to dismiss under Rule 12(b)(6) is reviewed *de novo*. *See McKay v. LaCroix*, 117 F.4th 741, 746 (5th Cir. 2024). In conducting its review, the district court accepts all well-pled facts as true and construes all reasonable inferences in the light most favorable to the plaintiff. *Hernandez v. W. Tex. Treasures Estate Sales, L.L.C.*, 79 F.4th 464, 469 (5th Cir. 2023). Courts do not, however, accept conclusory allegations, unsubstantiated factual inferences, or legal conclusions. *McKay*, 117 F.4th at 746; *accord Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to complaint.").

To survive a motion to dismiss, a complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (the complaint must plead "enough facts to state a claim for relief that is plausible on its face"). Facts that allow the court to simply infer the mere *possibility* of liability are not adequate to show the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 678–79 (emphasis added). The alleged facts must nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 663; *see Twombly*,

550 U.S. at 555 (although the court must take as true all the factual allegations in the complaint, it is not "bound to accept as true a legal conclusion couched as a factual allegation").

Courts must generally determine motions to dismiss for failure to state a claim solely on the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, courts are permitted to consider documents attached to the motion to dismiss when those documents "are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so the defendant has fair notice of the plaintiff's claim and the basis for it. FED. R. CIV. P. 8(a); *see Twombly*, 550 U.S. at 545. Rule 9(b) demands a higher standard—a party "alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires allegations of particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

**B. Waiver of Argument**

"The rule requiring litigants to properly present and brief the grounds for claims, defenses, or objections has long been recognized." *MaddenSewell, LLP v. Mandel*, 498 B.R. 727, 729 (E.D. Tex. 2013). "Generally speaking, a[n] [appellant] waives an issue if he fails to adequately brief it." *United States v. Martinez,* 263 F.3d 436, 438 (5th Cir.2001). "A brief must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and . . . for each issue, a concise statement of the applicable standard of review." *In re Campbell*, 398 F. App'x 1 (5th Cir. 2010) (quoting FED. R. APP. P. 28(a)(9)). Thus, "[i]ssues not raised or argued in the appellant's brief may be considered waived and thus will not be noticed or entertained." *In re Age Refining, Inc.*, 801 F.3d 530, 539 n.23 (5th Cir. 2015) (citing *In re Tex. Mortg. Servs. Corp.*, 761 F.2d 1068, 1073 (5th Cir. 1985)).

**IV. Analysis**

Appellant identified twelve issues on appeal in its appellate brief. For the following reasons, the Court finds that Appellant waived certain appellate issues because it failed to present any argument on those issues in its Brief. The Court further finds that Appellant failed to plausibly state a claim that it is entitled to relief and, therefore, the bankruptcy court properly dismissed the claims pursuant to Rule 12(b)(6).

### A. Waiver of Appellate Issues 8, 9, and 12

Appellant identified the following issues in its Statement of Issues Presented (Doc. No. 7 at 8–11) of its appellate Brief:

> 8. Whether the Bankruptcy Court erred in dismissing the breach of contract claims as to the PSA and Settlement Agreement (Count IX) where the First Amended Complaint plausibly alleged obligations, breaches, and damages, satisfying Fed. R. Civ. P. 8(a) and the plausibility standards of Iqbal and Twombly.
>
> 9. Whether the Bankruptcy Court erred in dismissing the breach of oral contract claim (Count VII) where the First Amended Complaint plausibly alleged the existence of an oral agreement, performance, breach, and damages, satisfying Fed. R. Civ. P. 8(a) and the plausibility standards of Iqbal and Twombly.
>
> 12. Whether the Bankruptcy Court abused its discretion in denying Namhawk leave to amend the First Amended Complaint under Fed. R. Civ. P. 15(a)(2), where no undue delay, bad faith, futility, or prejudice was shown, and justice requires allowing amendment to cure any perceived deficiencies.

These three issues are waived, however, because Appellant wholly failed to present any argument on them.

An appellant must present an appellate brief with its "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and . . . for each issue, a concise statement of the applicable standard of review." *In re Campbell*, 398 F. App'x at 1 (quoting FED. R. CIV. P. 28(a)(9)). The Fifth Circuit has repeatedly stressed that "[i]ssues not raised or argued in the appellant's brief may be considered waived and thus will not be noticed or entertained." *In re Age*

*Refining, Inc.*, 801 F.3d 530, 539 n.23 (5th Cir, 2015); *see Martinez,* 263 F.3d at 438 ("an appellant waives an issue if he fails to adequately brief it").

As for Issues 8 and 9, Appellant appears at first glance to have addressed these in Section XI.C.2 of its Brief, which is entitled "Breach of Fiduciary Duty, Breach of Contract, and Tortious Interference with Contract". Doc. No. 7 at 29. However, a review of this section quickly reveals that Appellant failed to make any argument as to the breach of contract claims identified in Issues 8 and 9; Appellant addressed only the claims for breach of fiduciary duty and tortious interference with contract. *Id.* at 30. Appellant merely mentioned breach of contract of the Settlement Agreement in its conclusion stating, "These pleaded facts sufficiently support a plausible claim for tortious interference with a contract, *along with breach of the oral/written PSA*, and breach of the fiduciary duties owed by Appellee." *Id.* (emphasis added). In fact, nowhere did Appellant even mention its breach of contract claim based on the Settlement Agreement (Count IX).

As for Issue 12, Appellant wholly failed to refer to this issue anywhere in its Brief outside of its Statement of Issues Presented. Appellant certainly did not present any argument as to whether the bankruptcy court abused its discretion in denying Appellant leave to amend before dismissing the Amended Complaint, *see id.* at 27–34.

Having presented no argument or citations to legal authority or the record, Appellant waived these issues and, consequently, the Court will not consider the merits of them herein. *See, e.g.*, *In re Besing*, 981 F.2d 1488, 1492 n.9 (5th Cir. 1993) ("On

appeal, the Debtors offer no authority to support this theory, and they make no attempt to set forth any legal argument to persuade us of its correctness. Under these circumstances, we will not address the merits of the Debtors' argument."); *Martinez*, 263 F.3d at 438; *In re Pequeno*, 240 F. App'x 634, 637 (5th Cir. 2007) (appellant waived his argument where he presented no legal authority to support his argument). Accordingly, the bankruptcy court's dismissal of Appellant's claims that were the subject of these waived appellate issues—Count VII and Count IX—will not be reviewed and the dismissal will stand. Likewise, the Court will not review the bankruptcy court's decision to deny further amendment of the Amended Complaint under Rule 15(a)(2) because that appellate issue was waived.

**B. Appellate Issues 1–7 and 10–11**

In these appellate issues, Appellant argued that the bankruptcy court erred in dismissing Appellant's claims on Appellee's motion to dismiss because the claims were plausibly pled in its Amended Complaint.

In a 27-page motion before the bankruptcy court, Appellee asserted the Amended Complaint should be dismissed pursuant to Rule 12(b)(6), arguing Appellant's claims had been inadequately pled and/or failed as a matter of law. *See generally* Doc. No. 4-3 at 000351–000379. Appellant filed a 5-page response in which it asserted, very generally, that the Amended Complaint satisfied the requisite pleading standards of Rule 8(a) and, where applicable, 9(b). *See generally* Doc. No. 4-3 at 000380–000384. In addressing Rule 8(a)'s notice requirement, Appellant claimed in

a single paragraph that its "First Amended Complaint provides detailed factual allegations supporting each claim, including the existence of contracts, breaches, and damages." Doc. No. 4-3 at 000381. Appellant did not cite to any factual allegations in its Amended Complaint to show the claims has been plausibly pled, nor did it cite to any case law demonstrating that the factual allegations provide sufficient support for the claims. In an even more perfunctory argument as to Rule 9(b)'s heightened requirement, Appellant argued the following: "The First Amended Complaint identifies specific misrepresentations made by CGDP, including false assurances regarding the Settlement Agreement and the foreclosure process. These allegations meet the heightened pleading standard." *Id.* at 000382. Of its ten claims, Appellant specifically addressed only its claims for tortious interference of an existing contract and civil conspiracy, but, even then, it did so in just two sentences. *Id.* No where in its response did Appellant refute any of the caselaw supporting Appellee's arguments that the allegations were altogether insufficiently pled and/or failed as a matter of law.

On June 12, 2025, the bankruptcy court held a hearing on Appellee's motion to dismiss, which the bankruptcy court duly noticed. (The Court takes judicial notice of the bankruptcy court's Notice of Hearing entered publicly on the bankruptcy court's docket on May 14, 2025, in this adversary proceeding, 24-03103-sgj.) In its Notice of Hearing, the bankruptcy court specifically and with bolded emphasis notified the parties that the hearing would be held "**in-person, on Thursday, June 12, 2025, at 9:30 a.m.** to consider [Appellee's] *Motion to Dismiss First Amended Complaint* [Dkt.

#30], pursuant to Fed. R. Civ. P. 12(b)(6)." Doc. No. 35 (entered in 24-03103-sgj); *see* Doc. No. 1-1 at 12. Despite this notice, Appellant's attorney, William Chu, did not appear for the hearing, nor did he notify the bankruptcy court or opposing counsel that he would be absent. *See* Doc. No. 4-4 at 000627–000632.

In determining the motion to dismiss, the bankruptcy court had the benefit of Appellee's briefing and its counsel's oral argument at the hearing, but only Appellant's 5-page response and the First Amended Complaint. At the end of the hearing, the bankruptcy court announced that dismissal of Appellant's claims was appropriate for "multiple reasons" based on the First Amended Complaint, the briefing, and Appellee's oral argument. *See, e.g.*, Doc. No. 4-4 at 000654–000655; *see also* Doc. No. 4-1 at 000004–000005 (order granting motion to dismiss). The bankruptcy court's reasons included failure to plausibly state a claim, failure to state a claim as a matter of law (e.g., the claim was contractually released), and failure to satisfy Rule 9's pleading standard for the fraud-based claims. Doc. No. 4-4 at 000654–000655; *see also id.* at 000654 (bankruptcy court stating, "I should throw in that the plaintiff's failure to prosecute, if you will, the complaint here today by failing to show up for oral argument in response to the motion to dismiss is troubling.").

This Court has conducted a *de novo* review of the appellate record, including the First Amended Complaint and documents attached thereto, the motion to dismiss and related briefing, and the hearing transcript. The Court has also carefully considered the appellate briefing and the applicable law. The Court finds that Appellant did not

plausibly allege its claims to show it was entitled to relief and, therefore, those claims were properly dismissed by the bankruptcy court.

The Court addresses each claim in turn.

1. Tortious Interference of Existing Contract (Count I)—Issue 10

Appellant alleged that Appellee tortiously interfered a contract between Appellant and third-party Strange and Sons Development, LLC ("Strange") (the "Strange contract"). Doc. No. 4-3 at 000296. The Strange contract was attached to the Amended Complaint as an exhibit. Doc. No. 4-3 at 000307–000321. To allege a claim for tortious interference, the plaintiff must "establish: (1) the existence of a valid contract subject to interference; (2) that the defendant willfully and intentionally interfered with the contract; (3) that the interference proximately caused the plaintiff's injury; and (4) that the plaintiff incurred actual damage or loss." *Cmty. Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 689 (Tex. 2017).

Appellant's claim fails as a matter of law because the Strange contract was not an existing, valid contract. *See also* Doc. No. 4-3 at 000365–000366; Doc. No. 4-4 at 000634-000635. The contract's own terms establish that the title company was required to receipt it in to trigger the effective date of the contract. *Id.* at 000318, ¶ 24. But the Strange contract shows there is no signature from the title company, there is no receipt/effective date, and no acknowledgment of earnest money received. Doc. No. 4-3 at 000321. Thus, the Strange contract was not effective. Without a valid

contract between Appellant and Strange, Appellant's tortious interference claim fails as a matter of law and must be dismissed. *See Hansen*, 525 S.W.3d at 689.

Even if this claim did not fail as a matter of law, Appellant would have waived this issue because it submitted no legal authority in its opening Brief supporting its contentions that this claim was sufficiently stated. *See In re Age Refining*, 801 F.3d at 539 n.23; *Martinez,* 263 F.3d at 438; *In re Besing*, 981 F.2d at 1492 n.9; *In re Pequeno*, 240 F. App'x at 637.

Finally, it appears Appellant advanced additional allegations and/or theories for this claim in its appellate Brief. It is well-established that attempts to amend a complaint in an appellate brief are too late; therefore, the Court will not consider those now. *See, e.g.*, *Matter of KP Eng'g, L.P.*, 63 F.4th 452, 457 (5th Cir. 2023); *Pin v. Texaco, Inc.*, 793 F.2d 1448, 1450 n.4 (5th Cir. 1986) ("The brief on appeal, of course, is not the appropriate place to amend a complaint. Accordingly, we will consider only the factual allegations of the complaint."); *Hanson v. Town of Flower Mound*, 679 F.2d 497, 504 (5th Cir. 1982) ("[A]n attempt to amend one's pleadings in an appellate brief comes too late."); *Callins v. Napolitano*, 425 F. App'x 366, *1 (5th Cir. May 13, 2011) ("Furthermore, we do not consider additional factual allegations stated in Callins's brief before this court, or in her notice of appeal, because those facts were not pled to the district court when it rendered its decision.").

Accordingly, Appellant's claim for tortious interference fails as matter of law. Thus, the bankruptcy court properly dismissed this claim.

2. Civil Conspiracy (Count II)—Issue 11

Appellant alleged that Appellee and Strange had "a meeting of the minds" and "orchestrate[d] a scheme" by which Strange would breach its contract with Appellant in order to "deprive" Appellant of money so that it was not able to pay Appellee what it owed, thus enabling Appellee to foreclose on the Property. Doc. No. 4-3 at 000296-000297.

A plaintiff must establish five elements for a claim of civil conspiracy: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *United Biologics, L.L.C. v. Allergy & Asthma Network/Mothers of Asthmatics, Inc.*, 819 F. App'x 204, 208 (5th Cir. 2020) (quoting *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983)). Appellant merely recited the elements of a civil conspiracy claim in its Amended Complaint, and such threadbare allegations are not sufficient to survive a Rule 12(b)(6) challenge. *See Iqbal*, 556 U.S. at 663.

That aside, this claim fails for another reason. Civil conspiracy is a vicarious liability theory that "requires an underlying tort that has caused damages." *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 142 (Tex. 2019). In the Amended Complaint, Appellant clearly alleged its civil conspiracy claim is based Appellee and Strange conspiring for Strange to breach its contract with Appellant. Doc. No. 4-3 at 000296. Under well-established case law, "a conspiracy to breach a contract is not actionable under Texas law." *Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.*, 331

F.3d 452, 463 (5th Cir. 2003). Without an "underlying wrong," Plaintiff failed to plausibly allege this conspiracy claim. *Agar Corp.*, 580 S.W.3d at 141 (emphasizing that "in Texas, civil conspiracy requires some underlying wrong").

For all these reasons, Appellant failed to plausibly allege its civil conspiracy claim. The bankruptcy court, therefore, properly dismissed this claim.

3. Wrongful Foreclosure (Count III)—Issues 1 and 2

Appellant alleged that Appellee wrongfully foreclosed on the Property because "there was a gross defect in the inadequate selling price" of the Property with Appellant "receiv[ing] zero dollars out of the sale." Doc. No. 4-3 at 000297.

Under Texas law, a plaintiff alleging a wrongful foreclosure claim must show: "(i) a defect in the foreclosure sale proceedings; (ii) a grossly inadequate selling price; and (iii) a causal connection between the defect and the grossly inadequate selling price." *Miller v. Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (internal citation omitted). It appears that Appellant conflated the first and second elements of a wrongful foreclosure claim in alleging Appellee wrongfully foreclosed on the Property because "there was a gross defect in the inadequate selling price" resulting in Appellant receive no money from the sale. Doc. No. 4-3 at 000297.

The caselaw makes it clear that a defect in the foreclosure sale is a separate and distinct element from a grossly inadequate selling price. But Appellant did not allege any defect in the foreclosure sale other than claiming the price was inadequate. Appellant was required to allege with sufficient factual basis each of the elements,

which it failed to do. *See, e.g.*, *Whiting v. NewRez*, 2025 WL 3564113, at *2 (S.D. Tex. Dec. 12, 2025) (finding the wrongful foreclosure claim was insufficiently pled because the plaintiff failed to plead the first element and noting that "[f]oreclosure defects can be identified by reviewing the relevant portions of the Texas Property Code."); *Mandala v. Wells Fargo Bank, N.A.*, 2013 WL 1828022, at *3 (S.D. Tex. Apr. 30, 2013) (pointing out that a "defect in the foreclosure sale proceedings [is] based on [a] statute or contractual terms"). Appellant did not sufficiently plead this claim to show it was entitled to relief and, therefore, dismissal was appropriate.

Further, it appears Appellant advanced additional allegations and/or theories for this claim in its appellate Brief. It is well-established that attempts to amend a complaint in an appellate brief are too late; therefore, the Court will not consider those now. *See, e.g.*, *Matter of KP Eng'g, L.P.*, 63 F.4th at 457; *Pin*, 793 F.2d at 1450 n.4; *Hanson*, 679 F.2d at 504; *Callins*, 425 F. App'x at *1.

For these reasons, Appellant failed to plausibly allege a wrongful foreclosure claim and, thus, the bankruptcy court properly dismissed this claim.

4. Trespass to Try Title and Suit to Quiet Title (Count IV)—Issues 1 and 4

Appellant pled that it "holds superior rights and title to Property" and "has not abandoned its claim to title and ownership of the [] Property." Doc. No. 4-3 at 000297. Appellant then alleged that Appellee claims to have "the highest/greatest right to title" because it wrongfully foreclosed on the Property. *Id.* at 000298. Appellant

also alleged that, if a claim for suit to quiet title "is the more proper vehicle," Appellee's claim to title is "wrong, improper, and unenforceable." *Id.*

"In a trespass-to-try-title action, a plaintiff may prove legal title by establishing: (1) a regular chain of title of conveyances from the sovereign to the plaintiff; (2) a superior title to that of the defendant out of a common source; (3) title by limitations (i.e., adverse possession); or (4) possession that has not been abandoned." *Brumley v. McDuff*, 616 S.W.3d 826, 832 (Tex. 2021). Even assuming without deciding that Appellant pled each of the required elements of a trespass to try title claim, the allegations in the Amended Complaint are nothing more than "[t]hreadbare recitals of the elements . . . supported by mere conclusory statements," which is not sufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 663; *see Twombly*, 550 U.S. at 555.

Appellant's alternative claim for suit to quiet title also fails. Assuming this alternative claim is proper, a plaintiff alleging a claim to quiet title must prove: "(1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid." *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014). As with the trespass to try title claim, Appellant did nothing more than allege the elements of this claim with no factual allegations supporting them. *See Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555. Accordingly, the Court finds that Appellant failed to plausibly allege a quiet title claim.

Further, it appears Appellant advanced additional allegations and/or theories for this claim in its appellate Brief. It is well-established that attempts to amend a complaint in an appellate brief are too late; therefore, the Court will not consider those now. *See, e.g.*, *Matter of KP Eng'g, L.P.*, 63 F.4th at 457; *Pin*, 793 F.2d at 1450 n.4; *Hanson*, 679 F.2d at 504; *Callins*, 425 F. App'x at *1.

Appellant failed to plausibly allege these claims to show it was entitled to relief, and the bankruptcy court properly dismissed them.

5. Fraud and, in the Alternative, Fraudulent Inducement and Statutory Fraud as to the PSA (Count V) and as to the Settlement Agreement (Count VI)—Issues 6 and 7

Appellant alleged fraud claims against Appellee arising from the PSA and from the Settlement Agreement. As for the PSA, Appellant alleged generally that Appellee made representations "that they would act to try to sell the [] Property or raise monies to buy out the membership interests of [Appellant's] members." Doc. No. 4-3 at 000298. Appellant then alleged that those representations "include[] the specific efforts to find buyers, put together a PPM (private placement memorandum; sell securities), and prepare legal documents and help close real estate transactions" for the purpose of selling the Property or buying the membership interest from Appellant's members. *Id.* Turning to the Settlement Agreement, Appellant alleged that Appellee made false representations prior to and during the Settlement Agreement negotiations that Appellant breached the PSA and was liable to Appellee under the terms of the PSA. *Id.* at 000300.

Appellee moved to dismiss both claims on the basis that Appellant failed to comply with Rule 9(b)'s higher pleading standard and that the allegations even fail to satisfy Rule 8(a)'s notice standard. Doc. No. 4-3 at 000370. Appellant responded only that it identified in the Amended Complaint "specific misrepresentations" made by Appellee, "including false assurances regarding the Settlement Agreement and the foreclosure process" and, therefore, it met the heightened pleading standard. *Id.* at 000382. But Appellant failed to cite to any allegations in the Amended Complaint or legal authority supporting its conclusory assertion.

In Texas, a plaintiff asserting a fraud claim must show: "(1) a material misrepresentation; (2) that is false; (3) when the defendant made the representation, the defendant knew it was false or made the statement without any knowledge of its truth; (4) the defendant intended the plaintiff to rely on the representation, and the plaintiff actually relied on the representation; and (5) the defendant's actions caused an injury." *Kevin M. Ehringer Enters., Inc. v. McData Servs. Corp.*, 646 F.3d 321, 325 (5th Cir. 2011) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)). "Under Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure, to state a claim for fraud, a plaintiff must plausibly plead facts establishing 'the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person thereby obtained." *IAS Servs. Grp., L.L.C. v. Jim Buckley & Assocs., Inc.*, 900 F.3d 640, 646-47 (5th Cir. 2018). In short, Rule 9(b) requires at a minimum the "who, what, when,

where, and how" of the fraud. *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005).

Appellant's allegations as to both fraud claims failed to satisfy Rule 9(b)'s heightened pleading standard. Indeed, Appellant does little more than element-plead its fraud claims in Counts V and VI. For instance, Appellant did not clearly identify with particularity the specific representations regarding the PSA that it claimed were false; instead, it offered only a generic description of examples of statements. *See* Doc. No. 4-3 at 000298. As for the "who", Appellant did not identify the person who specifically made the statements giving rise to the fraud claims for either the PSA or the Settlement Agreement. Additionally, Appellant failed to allege why any statement was false, appearing instead to focus on Appellee's alleged motivation. *Id.* (alleging Appellee made false statements "with the specific intent . . . to instead orchestrate the windfall"); *see Informart (India), Pvt., Ltd. v. Metrowerks Corp.*, Civ. Action No. 3:04-CV-1299-N, 2005 WL 292433, at *4 (N.D. Tex. Feb. 7, 2005)(Godbey, J.) (in dismissing fraud claims under Rule 9(b), the court emphasized that the plaintiff "misapprehend[ed] the 'why' requirement of Rule 9(b)" which demands the reasons why a statement was false when made and that "is a separate question from what motivation a defendant had to commit fraud," which was the plaintiff's focus).

Appellant also alleged claims for fraudulent inducement and statutory fraud based on the PSA (Count V) and the Settlement Agreement (Count VI) in the alternative. First, the Court notes that, other than reciting these alternative theories

in the header for Count VI, the Amended Complaint is silent as to these alternative claims for the Settlement Agreement. *See* Doc. No. 45-3 at 000300. Because these alternative claims were never properly presented in the Amended Complaint, dismissal was appropriate. *See MaddenSewell*, 498 B.R. at 729. Turning to Count V, these alternative claims fail for the same reasons as Appellant's fraud claim because they are based on the same basic elements as common law fraud and subject to the same heightened pleading standard. *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550-51 (5th Cir. 2010) ("State law fraud claims are subject to the heightened pleading requirements of Rule 9(b)."); *McData Servs.*, 646 F.3d at 325 (fraudulent inducement claim requires the plaintiff to prove basic elements of fraud); *Elbezre v. PNC Mortg. a Div. of PNC Bank*, 2011 WL 13250764, at *11 (S.D. Tex. Nov. 29, 2011) (confirming the elements of statutory fraud are same as common law fraud except there is no requirement that speaker acted with knowledge or recklessness).

Furthermore, "fraudulent inducement requires proof of an underlying contract which was induced." *McData Servs.*, 646 F.3d at 325. Appellant pled in its Amended Complaint that the PSA "was prepared—but never fully executed. . . . Thus, the parties never came to an agreement thereto. And [Appellant] disclaims any assent to said document." Doc. No. 4-3 at 000292. Appellant attached the unexecuted version of the PSA to the Amended Complaint. Appellant's fraudulent inducement claim would fail as a matter of law because, based on Appellant's Amended Complaint, there was no underlying contract.

Furthermore, Appellant presented no legal authority supporting its arguments that the fraud claims, including the alternative theories, were sufficiently pled and should have survived the motion to dismiss. Accordingly, even if these claims had not been properly dismissed, the Court would consider these appellate issues waived. *See In re Age Refining*, 801 F.3d at 539 n.23; *Martinez,* 263 F.3d at 438; *In re Besing*, 981 F.2d at 1492 n.9; *In re Pequeno*, 240 F. App'x at 637.

Finally, it appears Appellant advanced additional allegations and/or theories for this claim in its appellate Brief. It is well-established that attempts to amend a complaint in an appellate brief are too late; therefore, the Court will not consider those now. *See, e.g.*, *Matter of KP Eng'g, L.P.*, 63 F.4th at 457; *Pin*, 793 F.2d at 1450 n.4; *Hanson*, 679 F.2d at 504; *Callins*, 425 F. App'x at *1.

For all these reasons, Appellant failed to plausibly state a claim for fraud or, alternatively, fraudulent inducement and statutory fraud as to the PSA (Count V) and as to the Settlement Agreement (Count VI). The bankruptcy court properly dismissed these fraud claims.

6. Breach of Fiduciary Duty (Alternative Relief) (Count X)—Issue 5

Appellant alleged that, to the extent the PSA is valid, Appellee breached its fiduciary duties to Appellant under the PSA "by not causing the [] Property to be developed, by not selling the [] Property, by tortiously interfering with [Appellant's] attempts to sell the [] Property to the Strange Company (after [Appellee] breached), and engaging in intentional self-dealing to trigger a default." Doc. No. 4-3 at 000304.

A plaintiff alleging a claim for breach of fiduciary duty under Texas law must plead: "(1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages." *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103 (5th Cir. 2019) (quoting *First Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017)). In the Amended Complaint, Appellant alleged that the fiduciary relationship arose from the PSA "to the extent that" the PSA is a valid contract. Doc. No. 4-3 at 000303–000304; *see* Doc. No. 7 at 29 (identifying only the PSA as the source of the fiduciary relationship). As previously stated herein, Appellant alleged that the PSA was never executed and, therefore, not a valid contract. Doc. No. 4-3 at 000292 (citing Exhibit C "unexecuted version" of PSA); *see* Doc. No. 7 at 29. Based on the allegations in the Amended Complaint and the attached exhibit, there was no operative source of the fiduciary relationship and, so, Appellant's alternative claim for breach of fiduciary duty fails as a matter of law and dismissal was proper.

Regardless, even if the PSA was a valid contract, the Court would nevertheless find that this claim fails as a matter of law for another reason. As pled in the Amended Complaint, this claim arises from alleged fiduciary duties owed pursuant to the PSA. Doc. No. 4-3 at 000304. But the clear language of Section 3 of the Settlement Agreement releases all claims "arising from or related to" matters that arose before the Settlement Agreement was executed, that includes those matters related to the PSA. *See* Doc. No. 4-3 (Settlement Agreement attached as Exhibit D) at 000344 (Section 3

release). Thus, the claim also fails as a matter of law because it was contractually released.

Further, Appellant presents no legal authority supporting its argument that the breach of fiduciary duty claim was sufficiently pled and should have survived the motion to dismiss. Accordingly, even if this claim had not been properly dismissed, the Court would consider this appellate issue waived. *See In re Age Refining*, 801 F.3d at 539 n.23; *Martinez,* 263 F.3d at 438; *In re Besing*, 981 F.2d at 1492 n.9; *In re Pequeno*, 240 F. App'x at 637.

For all these reasons, Appellant failed to state a claim for breach of fiduciary duty. The bankruptcy court properly dismissed this claim.

#### 7. Declaratory Judgment (Count VIII)—Issues 1 and 3

Appellant also pled a claim for declaratory relief pursuant to the federal Declaratory Judgment Act (the "DJA") and the Texas Declaratory Judgment Act. Doc. No. 4-3 at 000301. In its claim for declaratory judgment, Appellant sought nine (9) declarations from the bankruptcy court. Doc. No. 4-3 at 000301–000302. Appellee moved to dismiss all of Appellant's requested declaratory relief, arguing that none were plausibly alleged and that they were moot. *Id.* at 000372–000373. In its response to the motion to dismiss, Appellant stated in a conclusory manner, without any explanation, that the Amended Complaint provided sufficient factual content supporting its requested declarations and that "[t]hese issues remain live controversies, as they directly impact the parties' rights and obligations." *Id.* at 000382–000383.

Appellant's Brief is equally devoid of any discussion on the sufficiency of its request for declaratory relief, stating only that Appellant "asked the court to clarify various rights and obligations" pursuant to the PSA, the Settlement Agreement, and the Deed of Trust, and that "these are ultimately issues in which a declaratory judgment request is appropriate." Doc. No. 7 at 31–32.

"The Texas Declaratory Judgment Act is a procedural mechanism that is inapplicable in federal court." *Piazzo v. Allstate Indem. Co.*, 601 F. Supp. 3d 189, 195 (S.D. Tex. 2022) (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1988)). A federal court may declare the rights of litigants pursuant to the federal DJA. *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 591 (N.D. Tex. 2013)(Lindsay, J.). But the federal DJA "is an authorization, not a command" that "gives federal courts the competence to declare rights, but does not impose a duty to do so." *Redwood Resort Props., LLC v. Holmes Co. Ltd.*, Civ. Action No. 3:06-CV-1022-D, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007)(Fitzwater, J.).

Importantly, declaratory relief is "remedial in nature and dependent upon the assertion of viable causes of action." *Id.* To be sure, the federal DJA does not itself create substantive rights and it cannot provide relief where there is no justiciable controversy between the parties. *Id.* (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41 (1937)). To be entitled to relief under the federal DJA, the plaintiff must allege sufficient facts that there exists "a substantial and continuing controversy between the two adverse parties." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003).

"Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive." *Verde Minerals, LLC v. Koerner*, Civ. Action No. 2:16-CV-199, 2019 WL 1429789, at *3 (S.D. Tex. March 29, 2019) (quoting *Mann v. Bank of New York Mellon*, Civ. Action No. 4:12-CV-2618, 2013 WL 5231482, at *8 (S.D. Tex. Sept. 16, 2013)).

The Court has already concluded that each of Appellant's substantive claims were properly dismissed by the bankruptcy court for various reasons. Accordingly, there are no facts that permit the inference of a current controversy between Appellant and Appellee. *See Bauer*, 341 F.3d at 358. Because Appellant failed to state a substantive cause of action upon which relief can be granted, there is no underlying claim to which Appellant can tether its claim for declaratory judgment. *See, e.g*, *Basye v. Wells Fargo Bank, N.A.*, Civ. Action No. 3:12-CV-4098-K, 2013 WL 2110043, at *4 (N.D. Tex. May 16, 2013) (plaintiff's failure to plausibly allege a substantive claim upon which relief could be granted was fatal to her claim for declaratory relief); *Verde Minerals*, 2019 WL 1429789, at *3 (claim for declaratory judgment dismissed where plaintiff failed to state a claim for which relief could be granted on its substantive claim of nonpayment of proceeds). Accordingly, the Court concludes that Appellant's requested declaratory relief was properly dismissed. *See Duncan v. Bank of N.Y. Mellon*, 2013 WL 12394351, at *10 (W.D. Tex. May 1, 2013) (dismissing plaintiffs' request for declaratory judgment because they failed to plausibly allege their claim to quiet title, leaving no "live substantive claim").

Finally, it is well-established that federal courts have broad discretion to refuse declaratory judgment. *See Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). Appellant wholly fails to address why the bankruptcy court's decision to dismiss its claim for declaratory relief was an abuse of its discretion. Even setting aside that there is no live substantive claim, the Court finds that Appellant would have waived this argument. *See Martinez,* 263 F.3d at 438; *In re Campbell*, 398 F. App'x at 1.

### C. Any Remaining Appellate Issues

To the extent there are any remaining issues identified in Appellant's Statement of Issues to be Presented (Doc. No. 4-1 at 5–6) that were not addressed in Appellant's Brief, those are deemed abandoned and are, thereby, waived. *See Martinez*, 263 F.3d at 438.

## V. Conclusion

For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's order granting Appellee's motion to dismiss Appellant's amended complaint.

**SO ORDERED.**

Signed September 30th, 2026.

Ed Kinkeade

ED KINKEADE
UNITED STATES DISTRICT JUDGE